

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed November 24, 2010**

---

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Robert Wayne Lindsay and Lisa Michelle Lindsay, | § § § § | Case No. 08-70175-HDH-13 |
| Debtors. | § | |

| | | |
|---|---|---|
| | § § | |
| Ally Financial Inc., | § § | Hearing on Motion to Lift Automatic Stay: |
| Movant, | § § | October 20, 2010 at 10:00 a.m. |
| v. | § § | |
| Robert Wayne Lindsay and Lisa Michelle Lindsay, | § § § | |
| Debtors-Respondents. | | |

### AGREED ORDER

Came the parties before the Court in the above-entitled and numbered proceeding,

wherein Robert Wayne Lindsay and Lisa Michelle Lindsay are the Debtors and ALLY

FINANCIAL INC. f/k/a GMAC is the Movant, and came the parties by and through their

attorneys of record to announce to the Court that they had reached an agreement for the settlement of certain matters in controversy herein, and the agreement which pertains to the 2007 Chevrolet Impala, VIN: 2G1WD58CX79277239, is as follows:

    a.    On or before November 24, 2010, Debtors shall provide to Kimberly A. Hartmann, attorney for Ally Financial Inc., proof of a minimum of a six (6) months insurance policy on the above-described vehicle as required by the Contract listing Ally Financial Inc. as loss payee.

If Debtors fail to comply with the above paragraph, the Automatic Stay of 11 U.S.C. §362 regarding the above-described vehicle shall be lifted without further motion, hearing, or notice, and Ally Financial Inc. by and through its attorney shall submit a Certificate of default to the Court.

    b.    Within 15 days from entry of this Agreed Order, Debtors shall modify their Chapter 13 Plan or Reorganization to provide for GMAC's secured claim to be paid as follows:

    Scheduled Amount    $10,717.33
    Interest Rate    4.25%

    c.    Debtors shall remain current to the Chapter 13 Trustee concerning Debtors' Chapter 13 Plan, as modified.

    d.    Debtors shall maintain continuous insurance coverage on the above-described vehicle as required by the Contract, listing Ally Financial Inc. as loss payee, and shall provide Ally Financial Inc. with continuous written proof of such insurance as it is renewed from time to time until the debt has been satisfied in full.

    e.    In the event Debtors fail to comply with any of the conditions specified in paragraphs (c) or (d) of this Order, Ally Financial Inc. shall give the Debtors and

Debtors' attorney written notice of the failure and ten (10) day opportunity to cure. If the Debtors remain in default after the ten (10) day period has passed, the Automatic Stay of 11 U.S.C. §362 regarding the above-described vehicle shall be lifted without further motion or hearing, and Ally Financial Inc. by and through its attorney shall submit a Certificate of Default to the Court. Should Debtors fail to cure the default the Stay shall immediately lift with respect to the above-described vehicle and Ally Financial Inc. shall be allowed to recover the vehicle immediately. Notice to the Debtors shall be sent to the following address by certified return receipt mail and first class mail:

>  Robert Wayne Lindsay and Lisa Michelle Lindsay
>  1416 Ruidosa
>  Wichita Falls, TX 76306

If ten (10) day notice is sent to Debtors pursuant to this paragraph on three (3) separate occasions for Debtors' failure to comply with any of the conditions, then in the event of any subsequent failure of the Debtors to comply with any of the conditions, the Automatic Stay of 11 U.S.C. §362 regarding the above-referenced vehicle shall be lifted without further motion, hearing or notice and Ally Financial Inc. by and through its attorney shall submit a Certificate of Default to the Court.

The parties agree and acknowledge that the terms of this Agreed Order will not survive the dismissal of the Debtor's bankruptcy case.

IT IS THEREFORE ORDERED, ADJUDGED AND AGREED that the Automatic Stay against enforcement of the lien against the vehicle shall continue, conditioned upon the Debtors maintaining physical damage insurance coverage on the aforesaid vehicle, with Ally Financial Inc. shown as the first lienholder and receiving notice of such insurance; the period of such insurance shall be for no less than six months

at a time and shall continue in full force and effect until the sum owed to Ally Financial Inc. is paid in full.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that the Automatic Stay afforded by 11 U.S.C. §362 be modified to permit Ally Financial Inc. to foreclose its interest and sell the above-described vehicle but only in the event the Debtors fail to comply with the conditions as set out above and the attorney for Movant submits the Certificate of Default.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that, in the event Ally Financial Inc. exercises its rights to repossess and sell or otherwise liquidate the subject vehicle pursuant to this Order or any subsequent Order for Relief from Stay, Ally Financial Inc. shall have the right to file an amended Proof of Claim for any deficiency balance remaining and such balance is to be treated and paid as an unsecured claim under the existing Confirmed Plan, if any.  Debtors agree to ensure that Ally Financial Inc.'s unsecured claim shall be paid through Debtors' Chapter 13 Plan, either by modification or amendment filed by Debtors.  Ally Financial Inc. maintains this right in the event that this case should convert to a subsequent chapter.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that if the Automatic Stay of 11 U.S.C. §362 is lifted by operation of this Order, then Debtors and their agents and employees shall cooperate with Movant in disclosing the whereabouts of the above-described vehicle and Debtor shall surrender possession of the same to ALLY FINANCIAL INC.

# # # END OF ORDER # # #

APPROVED:

BEASLEY, HIGHTOWER & HARTMANN, P.C.
1700 Pacific Avenue, Suite 4450
Dallas, TX 75201
(214) 220-4700 (telephone)
(214) 220-4753 (telefax)

Attorney for Ally Financial Inc.


By: /s/Kimberly A. Hartmann_____
    Kimberly A. Hartmann
    State Bar Number 00788187


By: /s/Monte J. White_____
    Monte J. White
    Attorney for Debtors, Robert Wayne Lindsay and Lisa Michelle Lindsay